

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 29, 1994

Ms. Clema D. Sanders
Executive Director
Texas Board of Private Investigators
and Private Security Agencies
P.O. Box 13509
Austin, Texas 78711

Opinion No. DM-287

Re: Whether section 3(a)(3) of article 4413(29bb), V.T.C.S., exempts a full-time peace officer working as a private patrolman, guard, or watchman from the requirements of the Texas Board of Private Investigators and Private Security Agencies Act when the entity receiving the private services is not directly employing the peace officer (RQ-488)

Dear Ms. Sanders:

Your request for an opinion asks us to construe section 3 of the Texas Board of Private Investigators and Private Security Agencies Act ("act"), V.T.C.S. article 4413(29bb). In the act the legislature created the Texas Board of Private Investigators and Private Security Agencies, V.T.C.S. art. 4413(29bb) § 4(a), and imposed a licensing requirement for "any person . . . engag[ing] in the business of, or perform[ing] any service as an investigations company, guard company, alarm systems company, armored car company, courier company or guard dog company or . . . offer[ing] his services in such capacities or engag[ing] in any business or business activity required to be licensed" by the act, *id.* § 13(a).

Section 3 of the act sets forth various exceptions to the act's application. The relevant portion of section 3 is set forth below:

> Sec. 3. (a) This Act does not apply to:
>
> . . . .
>
> (3) a person who has full-time employment as a peace officer as defined by Article 2.12, Code of Criminal Procedure, who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, or watchman *if such person is*:
>
> (A) *employed in an employee-employer relationship*; or
>
> (B) *employed on an individual contractual basis*;

(C)  not in the employ of another peace officer; and

(D)  not a reserve peace officer.

*Id.* § 3(a)(3) (emphasis added).

Your request letter notes the ambiguity of the emphasized language in the above-quoted provision. That language is in passive voice, so there is no expression of the identity of the person with whom an employee or independent contractor must be in an employment or contractual relationship in order to be exempted from the act. You ask us whether the above-quoted subsections (A) and (B) exempt from the act only those persons who are employed directly by security recipients (for example, supermarkets that need night-time security guards) or, additionally, those persons who are employed by intermediaries who contract with security recipients.

We have found a clear expression of the meaning of the ambiguous language in the legislative debate of the bill that added that language to the act. The 64th Legislature in 1975, by enactment of House Bill 431, added the original version of the current subsection (a)(3) to section 3. *See* Acts 1975, 64th Leg., ch. 494, § 1, at 1314. The author of House Bill 431, then-Representative Carl Parker, answered questions from the floor during the second reading of the bill, clarifying that the exemption applied only to persons employed directly by the security recipient.

Q:  How does this [House Bill 431] affect the policeman who, in off-duty hours, serves as a guard at a 7-Eleven, or grocery store, or whatever it may be?

A:  If he's just working on his own and hired to do security work for one employer and he doesn't employ any people under him, it doesn't touch him top, side, or bottom; he is specifically exempted by language that was drafted in conjunction with me and the representatives of the Texas Municipal Police Association.

. . . .

Let's take a police officer--Austin police officer--and they [organizers of a big fiesta at Fiesta Gardens] call down there [the police station] and say, "We need 15 police officers off-duty tonight, and we want to pay them to act as security for this function." If all 15 of them show up down there, fine, they can all work--they're not touched by this act--they're specifically exempted by the act.

Now, if they do it as a business, if they hire people--if you have a sergeant who hires a bunch of patrolmen and he gets a cut of what they do, he has to be licensed under this act.

Q: [I]f the chief of police or the sheriff is called and they just say to the chief of police or the sheriff, "Send 15 deputies out there"--

A: If he's not charging for that service--

Q: If he's not getting a cut off the top--

A: That's right.

Q: --then that's exempt, isn't it? Right?

A: That's right.

Debate on H.B. 431 on the Floor of the House of Representatives, 64th Leg. (May 5, 1975) (tape recording available from House Video/Audio Services Office).

The above-quoted colloquy shows the legislature's intention that subsections (A) and (B) exempt from the act only those persons who are employed (as an employee or an independent contractor) directly by security recipients for the individual rendering of security services. We therefore conclude that those provisions apply only to a person who is "employed in an employee-employer relationship" or "on an individual contractual basis" directly by the security recipient.

## S U M M A R Y

Section 3, subsection (a)(3), of article 4413(29bb), V.T.C.S., applies only to a person who is "employed in an employee-employer relationship" or "on an individual contractual basis" directly with the security recipient, for the individual rendering of security services.

Very truly yours,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Assistant Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General